The opinion of the Court was delivered by
O’Neall, J.
It would be enough for this case to say, that the plaintiffs, having accepted eight out of the ten barrels shipped, could have no pretence to abandon the remaining two. They must abandon all or none.
But there is no such arbitrary rule, which compels a carrier to pay the entire value of an article less in quantity but uninjured in quality.
The owner is entitled to recover his damages. What are *464 they? The price of the thing lost, at the place of delivery. Beyond this, the party cannot claim.
In insurance cases, abandonment can only be made where the thing assured is found to be damaged more than half its value. Sedg. on Dam. 256; Cohen vs. The Fire & Marine Insurance Company, (Dud. 147, 151). Surely, if this be the rule in such cases, a carrier could not be held liable for an abandonment, where the loss did not approach this arbitrary standard. But we have no such rule. The party is entitled to demand from the carrier, that he should be put in as good a condition, as to his goods, as he would have been in, if all had been delivered. This is satisfied by paying for the quantity lost, at the price which it bore at the place of delivery. Brandt vs. Bowlby, (22 Eng. C. L. R. 214). In this case, no demand was made for more than the cost. If it had Leen, I would have allowed the Camden price of molasses to the extent lost.
In Smith vs. Griffith, (3 Hill, N. Y. 333,) which was a case against common carriers, Nelson, C. J. states the rule as I understand it. “ If goods are wholly lost or destroyed, the owner is entitled to their full worth at the time of such loss or destruction. In trover, the measure of damages is the value of the goods at the time and place of conversion, with interest, or, perhaps, at any time between that and the trial. And upon the same principle if the goods are partially injured, and the party seeks redress for the qualified damages, the measure should be in like proportion.”
The company, in this case before us, offered to deliver the molasses when it arrived, and have been ready to deliver whatever is left (the leakage still continuing) at all times since.
The plaintiffs would not receive the diminished quantity, unless the company would pay the damages resulting from leakage.
It is beyond all doubt, that the plaintiffs could impose no such conditions. They were bound to take the goods, and test the liability of the defendants for the damage which had been sus *465 tained. For it is well settled that the acceptance of the goods would in no wise affect that question. Sedg. on Dam. 376.
How the decision affects the plaintiffs’ right of property to the molasses, remaining in the carrier’s possession, is difficult to conceive. I should think it had directly a contrary effect. For in affirming that the plaintiffs could only recover for the portion lost, it is assumed, that they might have received what was left.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.